IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COLONY INSURANCE COMPANY, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:11-CV-3536-D |
| VS. § | |
| § | |
| MARTY D. PRICE, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this insurance coverage declaratory judgment action, both sides move for summary judgment. The court assumes *arguendo* that defendants' status as additional insureds under a commercial general liability policy—and thus the plaintiff-insurer's duty to defend in an underlying state court lawsuit—is determined under the Texas eight-corners rule. On that assumption, the court raises *sua sponte* that the insurer is entitled to summary judgment declaring that there is no duty to defend, and it grants defendants leave to respond. The court otherwise denies the parties' cross-motions.

I

This is an action by plaintiff Colony Insurance Company ("Colony") against defendants Marty D. Price ("Price"), Mustang Town Property LP ("Mustang"), and T.O.M. GP, LLC ("T.O.M.") seeking a declaratory judgment that Colony is not obligated to defend or indemnify them in a state court lawsuit (the "Underlying Suit"). Colony insured Tommy Sinclair d/b/a Mustang Entertainment ("Sinclair") under a commercial general liability policy

(the "Policy").[1]  Sinclair operated a nightclub where a patron allegedly was falsely imprisoned, assaulted, and thrown outside the nightclub.  The following day, he died from his injuries.  Following the patron's death, his estate and beneficiaries brought the Underlying Suit against several defendants, including Price, Mustang, and T.O.M.  In the instant case, Price, Mustang, and T.O.M. contend that Colony has a duty under the Policy to defend them in the Underlying Suit.

Sinclair is the only named insured in the Policy.  This means that, to be covered under the Policy, defendants must qualify as additional insureds.  The Policy includes as additional insureds, in relevant part, Sinclair's employees and (with certain limitations) any organization that Sinclair acquires or forms, other than a partnership, joint venture, or limited liability company, over which Sinclair maintained ownership or a majority interest, if there is no other similar insurance available to the organization.  According to the petition in the Underlying Suit, Price is Sinclair's attorney and was either an owner of the club or "act[ed] as the owner on behalf of [Sinclair]."  P. App. 56, 58-59. Mustang and T.O.M. are entities formed by James Sinclair (another defendant in the Underlying Suit) and Price on December 31, 2009, more than one year after the incident that led to the patron's death, which occurred on October 1, 2008.  *Id.* at 52, 53.[2]

Colony moves for summary judgment, contending that it is entitled to judgment

---

[1]The declarations page of the Policy lists the named insured as "MUSTANG ENTERTAINMENT TOMMY SINCLAIR DBA."  P. App. 3.

[2]The patron died on October 2, 2008.  P. App. 51.

declaring that it does not owe defendants a duty to defend or indemnify them in the Underlying Suit. Defendants cross-move for summary judgment, asserting that Colony owes a duty to defend them in the Underlying Suit.

II

Although ordinarily a plaintiff filing a declaratory judgment action bears the burden of proof, under Texas law the burden is on the party seeking affirmative relief under the insurance policy. *See, e.g., Safeco Ins. Co. of Ind. v. Hiles*, 2011 WL 3500998, at 4 n.4 (N.D. Tex. Aug. 9, 2011) (Fitzwater, C.J.) (citing *Berthelot v. Brinkmann*, 322 S.W.3d 365, 369 (Tex. App. 2010, pet. denied)). Because defendants assert that the Policy covers them and that Colony owes a duty to defend them in the Underlying Suit, they bear the burden of proof. *See, e.g., ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 839 (5th Cir. 2012) (holding that party seeking coverage bears burden on both whether it qualifies as insured under policy and whether underlying petition triggered duty to defend).

III

The court considers first whether Colony owes defendants a duty to defend them in the Underlying Suit.

A

Texas follows the eight-corners rule to determine whether an insurer owes a duty to defend. *See, e.g., GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006).

> Under the eight-corners rule, two documents determine an insurer's duty to defend—the insurance policy and the third-party plaintiff's pleadings in the underlying litigation. If the underlying pleadings allege facts that may fall within the scope of coverage, the insurer has a duty to defend; if the pleading only alleges facts excluded by the policy, there is no duty to defend.

*Freeport Welding*, 699 F.3d at 840 (citations, alterations, and internal quotation marks omitted). "Resort to evidence outside the four corners of these two documents is generally prohibited." *Id.*; *see also GuideOne*, 197 S.W.3d at 308-09. The Supreme Court of Texas has never expressly recognized an exception to the eight-corners rule, although intermediate Texas appellate courts (and the Fifth Circuit attempting to apply Texas law in diversity cases) have done so. *See, e.g., Ooida Risk Retention Grp., Inc. v. Williams*, 579 F.3d 469, 475-76 (5th Cir. 2009); *Weingarten Realty Mgmt. Co. v. Liberty Mut. Fire Ins. Co.*, 343 S.W.3d 859, 865 (Tex. App. 2011, pet. denied).

The parties dispute whether Colony can rely on extrinsic evidence to show that defendants are not additional insureds under the Policy. Colony posits that status as an insured is a threshold issue to be reached before the eight-corners rule applies.[3] Defendants

---

[3]There is support for this position. In *Freeport Welding* the Fifth Circuit reasoned:

> In order to decide whether there is a duty to defend under the policy, the court must first determine whether the party alleging coverage qualifies as an additional insured under the policy. If the party alleging coverage does qualify as an additional insured, the court must then determine whether, under Texas's eight-corners rule, the facts alleged in the underlying state court proceedings are sufficient to trigger the duty to defend under the policy.

- 4 -

respond that there are factually indistinguishable cases that apply the eight-corners rule. *See, e.g., James River Ins. Co. v. Affordable Hous. of Kingsville II, Ltd.*, 2012 WL 1551529, at *3 (S.D. Tex. Apr. 27, 2012) ("In determining who is an insured and whether the insurance 'applies' to the claims against the insured, 'Texas strictly follows the eight-corners rule.'" (quoting *Gilbane Bldg. Co. v. Admiral Ins. Co.*, 664 F.3d 589, 596 (5th Cir. 2011) (internal quotation marks omitted))). Defendants also maintain that this case does not satisfy the narrow exception to the eight-corners rule recognized by the Fifth Circuit and cited approvingly, albeit never adopted, by the Supreme Court of Texas. This narrow exception holds that extrinsic evidence may be admitted "'when it is initially impossible to discern whether coverage is potentially implicated *and* when the extrinsic evidence goes solely to a fundamental issue of coverage which does not overlap with the merits of or engage the truth or falsity of any facts alleged in the underlying case.'" *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 497 (Tex. 2008) (quoting *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 531 (5th Cir. 2004)).

The court will assume *arguendo* that the eight-corners rule applies to the question whether a party is insured, because it can grant summary judgment in Colony's favor without deciding whether extrinsic evidence can be considered. The court raises *sua sponte* that,

---

*Freeport Welding*, 699 F.3d at 839 (citations omitted)); *cf. Weingarten*, 343 S.W.3d at 865 (admitting extrinsic evidence that showed party was not additional insured, but referring to this as exception to eight-corners rule); *but see Liberty Mut. Ins. Co. v. Graham*, 473 F.3d 596, 602-03 (5th Cir. 2006) (rejecting use of extrinsic evidence to determine whether person was insured as permissive user of covered vehicle).

based on the Policy and the petition in the Underlying Suit (and without considering extrinsic evidence), Colony is entitled to summary judgment declaring that it does not have a duty to defend Price, Mustang, and T.O.M.[4]

B

Before addressing that question, the court turns to defendants' contention that, in briefing these motions, Colony has made a binding judicial admission that the petition in the Underlying Suit alleges that defendants are "employees," which would qualify them as additional insureds under the Policy.

"A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making [it.]" *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001). "[F]or a statement of counsel to qualify as a judicial admission 'it must be made intentionally as a waiver, releasing the opponent from proof of fact.'" *United States v. Chavez-Hernandez*, 671 F.3d 494, 501 (5th Cir. 2012) (quoting *Martinez*, 244 F.3d at 476); *see also In re Corland Corp.*, 967 F.2d 1069, 1074 (5th Cir. 1992) ("[O]nly 'deliberate, clear and unequivocal' statements can constitute conclusive judicial

---

[4]Colony does not move for summary judgment on the ground that, even if the eight-corners rule applies to the issue of defendants's status as insureds, the petition fails to allege facts showing that they are additional insureds. "It is error to grant summary judgment on a ground not raised." *Jacobs v. Tapscott*, 2006 WL 2728827, at *7 (N.D. Tex. Sept. 25, 2006) (Fitzwater, J.) (citing *John Deere Co. v. Am. Nat'l Bank, Stafford*, 809 F.2d 1190, 1192 (5th Cir. 1987)). The court must therefore raise this ground *sua sponte*, which it can do, provided it affords defendants notice and a fair opportunity to respond. *See, e.g., Jackson v. Fed. Express Corp.*, 2006 WL 680471, at *9 (N.D. Tex. Mar. 14, 2006) (Fitzwater, J.) (citing *Arkwright-Boston Mfrs. Mut. Ins. Co. v. Aries Marine Corp.*, 932 F.2d 442, 445 (5th Cir. 1991)).

admissions."). Whether a court "treat[s] statements in briefs as binding judicial admissions of fact . . . is within [its] discretion." *City Nat'l Bank v. United States*, 907 F.2d 536, 544 (5th Cir. 1990) (citations omitted).

Defendants maintain that the following statement in Colony's opening brief is a judicial admission that they are employees and therefore additional insureds under the Policy: "The underlying plaintiffs contend that Price, Mustang, and TOM were employees/agents of the named insured at the time of the incident made the basis of the underlying lawsuit[.]" P. Br. 3. The court declines to treat this statement, or the other similar statements in Colony's briefs,[5] as binding judicial admissions. The court concludes in its discretion that Colony did not intend these statements to be intentional waivers of their challenge to defendants' status as additional insureds under the Policy. Considering that the thrust of Colony's summary judgment motion is that defendants are *not* additional insureds, these statements do not qualify as deliberate, clear, and unequivocal admissions that defendants are entitled under the Policy to coverage as additional insureds. Additionally, as the court explains below, the petition in the Underlying Suit does *not* adequately allege that defendants are covered under the Policy as additional insureds, and it is doubtful that Colony intended

---

[5]Colony's briefs repeatedly state that the underlying petition alleges that defendants were Sinclair's employees. *See, e.g.,* P. Br. 12 ("Defendants rely on an allegation in the underlying petition that they are employees[.]"); P. Reply Br. 7 ("[Defendants] only assert that Colony owes them defense because the underlying plaintiffs alleged in their Fifth Amended Original Petition that [defendants] were Sinclair's employees." (emphasis omitted)); *id.* at 11 ("The agency/employment relationship is alleged by the underlying plaintiffs in the underlying petition.").

to "releas[e] [defendants] from proof of [this] fact." *Chavez-Hernandez*, 671 F.3d at 501.

C

Defendants maintain that the petition in the Underlying Suit alleges that they are Sinclair's employees and thus additional insureds, but they fail to point to any allegation in the petition that supports this position. They instead seem to rest on their argument that Colony conceded this issue through judicial admission.

Regarding Price, the petition alleges that he is Sinclair's attorney and was either an owner of the club or "act[ed] as the owner on behalf of [Sinclair]." P. App. at 56, 58-59. The petition also avers that Sinclair was *Price's* authorized agent. To be covered as an additional insured under the Policy, the relevant provision requires that Price be Sinclair's employee.[6] But there is no such factual allegation—the petition only alleges that Price is Sinclair's attorney and that he acted on Sinclair's behalf.

As for Mustang and T.O.M., the petition does not allege that they are Sinclair's employees or otherwise covered as additional insureds. Although defendants maintain that the petition alleges that Mustang and T.O.M. are Sinclair's employees, they point to no specific allegation for support, and they fail to explain how a business entity—Mustang is alleged to be a limited partnership and T.O.M. a limited liability company—could be an "employee" under the Policy. In fact, according to the petition, Sinclair was an agent or employee of Mustang and T.O.M. Another potentially relevant provision includes as

---

[6]The Policy covers legal representatives but only if the named insured dies, which is a factual scenario not supported by the allegations of the petition.

additional insureds an organization, apart from a partnership or limited liability company, that Sinclair forms or acquires before a covered incident occurs. This provision is inapposite for two reasons. First, the petition alleges that Mustang is a limited partnership and T.O.M. is a limited liability company. Second, the petition avers that both entities were formed after the incident at issue occurred (both formed December 31, 2009, but the incident occurred on October 1, 2008).

Accordingly, the court raises *sua sponte* that, assuming *arguendo* that the eight-corners rule applies, the factual allegations of the petition in the Underlying Suit are insufficient to trigger Colony's duty to defend Price, Mustang, or T.O.M. because they do not qualify as additional insureds under the Policy.

IV

The court next considers Colony's motion with respect to the duty to indemnify defendants.

A

Under Texas law, "the duty to defend and the duty to indemnify are distinct and separate duties." *D.R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co*, 300 S.W.3d 740, 743 (Tex. 2009) (citation and internal quotation marks omitted). One duty may exist without the other, and although the duty to defend is "strictly circumscribed by the eight-corners doctrine, it is well settled that the facts actually established in the underlying suit control the duty to indemnify." *Id.*; *see also Trinity Universal Ins. Co. v. Emp'rs Mut. Cas. Co.*, 592 F.3d 687, 691 (5th Cir. 2010). Therefore, it is usually "necessary to defer resolution of indemnity

issues until after the underlying third-party litigation is resolved because coverage may turn on facts actually proven in the underlying lawsuit." *D.R. Horton-Tex.*, 300 S.W.3d at 745. A narrow exception exists where "the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997) (emphasis omitted). The Supreme Court of Texas has since clarified that this exception from *Griffin* "was grounded on the impossibility that the . . . case could be transformed by proof of any conceivable set of facts into [an occurrence] covered by the insurance policy." *D.R. Horton-Tex.*, 300 S.W.3d at 745.

B

The court concludes that it is proper to defer deciding whether Colony owes defendants a duty to indemnify. Facts developed in the underlying litigation may establish that defendants are additional insureds. Although it appears doubtful that defendants can ever qualify as additional insureds, the preferable course is to defer a ruling on the duty to indemnify until the matter is ripe. The court therefore denies Colony's motion in part to the extent it is addressed to the duty to indemnify.

V

Because the court is raising *sua sponte* that Colony is entitled to summary judgment declaring that it does not owe defendants a duty to defend them in the Underlying Suit, it grants defendants leave to file an opposition response, brief, and appendix within 21 days of the date this memorandum opinion and order is filed. They must demonstrate why the court should not grant summary judgment by applying the eight-corners rule to the petition in the

- 10 -

Underlying Suit. The court will evaluate defendants' papers before deciding whether to invite Colony to file a reply brief.

* * *

For the reasons explained, the court intends to grant in part (as to the duty to defend) Colony's August 28, 2012 motion for summary judgment on a ground that it is raising *sua sponte*, and to deny the motion in part (as to the duty to indemnify). The court denies defendants' November 13, 2012 cross-motion for summary judgment.

**SO ORDERED.**

March 21, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE