IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

COLONY INSURANCE COMPANY, §
                          §
              Plaintiff,   §
                          §  Civil Action No. 3:11-CV-3536-D
VS.                       §
                          §
MARTY D. PRICE, et al.,   §
                          §
            Defendants.   §

MEMORANDUM OPINION
AND ORDER

In the court's prior memorandum opinion and order in this case, it raised *sua sponte*

that plaintiff Colony Insurance Company ("Colony") is entitled to summary judgment

declaring that it does not owe defendants Marty D. Price ("Price"), Mustang Town Property

LP ("Mustang"), and T.O.M. GP, LLC ("T.O.M.") a duty to defend in a state court lawsuit

(the "Underlying Suit"). *See Colony Ins. Co. v. Price*, 2013 WL 1155422, at *5 (N.D. Tex.

Mar. 21, 2013) (Fitzwater, C.J.) ("*Colony I*"). The court did so without considering

evidence extrinsic to the eight corners of the petition in the Underlying Suit (the "Petition")

and the relevant commercial general liability policy (the "Policy"), and it afforded defendants

an opportunity to respond. *See id.* at *4-5. Having considered the response, the court grants

Colony's motion for summary judgment as to the duty to defend.

I

Because the applicable law and pertinent background facts are set out in *Colony I,*

2013 WL 1155422, at *1-2, the court will add only what is necessary to address defendants'

opposition response.

Colony insured Tommy Sinclair d/b/a Mustang Entertainment ("Sinclair") under the Policy.  Sinclair operated a nightclub where a patron allegedly was falsely imprisoned, assaulted, and thrown outside the nightclub.  The next day, he died from his injuries. Following the patron's death, his estate and beneficiaries brought the Underlying Suit against several defendants, including Price, Mustang, and T.O.M.  The dispute in the instant case is whether Colony is obligated to defend Price, Mustang, and T.O.M. in the Underlying Suit.

The only named insured of the Policy is Sinclair.  This means that, to be covered under the Policy, defendants must qualify as additional insureds.  The Policy includes as additional insureds, in relevant part, Sinclair's employees and (with certain limitations) any organization that Sinclair acquires or forms, other than a partnership, joint venture, or limited liability company, over which Sinclair maintained ownership or a majority interest, if there is no other similar insurance available to the organization.

According to the Petition, Price is Sinclair's attorney and was either an owner of the club or "act[ed] as the owner on behalf of [Sinclair]."  P. App. 56, 58-59.  The Petition also avers that Sinclair was *Price's* authorized agent.  Mustang, a limited partnership, and T.O.M., a limited liability company, were formed by James Sinclair (another defendant in the Underlying Suit) and Price on December 31, 2009, which was more than one year after the incident that led to the patron's death.  *Id.* at 52, 53.  Based on such allegations, the court concluded that the Petition did not allege that defendants were Sinclair's employees or a covered organization.  *See Colony I*, 2013 WL 1155422, at *3-4.  The court therefore raised

*sua sponte* that, even when applying the eight-corners rule to determine whether defendants are insureds, they are not covered under the Policy. In opposition to the court's conclusion, defendants maintain that the Petition alleges that they are Sinclair's employees.[1]

II

Defendants contend that the Petition alleges that all defendants of the Underlying Suit were Sinclair's employees. As support for this assertion, they refer to the Petition's allegation that the decedent patron "was stopped from leaving the club by its *employees* and he was then falsely imprisoned in the club." P. App. 52 (emphasis added). They then cite a second allegation that states, "Defendants falsely imprisoned [decedent] against his will." *Id.* at 56. Defendants maintain that, because the Petition alleges that "employees" falsely imprisoned decedent, and then alleges that "Defendants" falsely imprisoned him, it alleges that all "Defendants" are employees. They contend that "[s]ince it was only 'employees' who falsely imprisoned the decedent, then the 'Defendants' referenced . . . must be employees." Ds. Br. 9. The court disagrees.

Even if the court construes the Petition to allege both that "employees" and "Defendants" falsely imprisoned decedent, the Petition still cannot be reasonably interpreted as alleging that "Defendants" are all employees. In fact, the Petition distinguishes between "Defendants" and "employees." For example, the portion of the Petition containing the allegation that "Defendants" falsely imprisoned decedent provides, in relevant part:

---

[1]Defendants Mustang and T.O.M. do not contend that they are covered under the Policy as an organization of Sinclair's.

On the occasion in question, Defendants MARSHA MCKIE, INDIVIDUALLY AND D/B/A MUSTANG AMUSEMENTS, INC., THOMAS H. SINCLAIR, MUSTANG AMUSEMENTS, INC. D/B/A WISPERS CABARET, MUSTANG TOWN PROPERTY, L.P., T.O.M. GP, LLC, JAMES SINCLAIR, and MARTY D. PRICE *and their respective agents, servants, and employees*, who were at all times acting in the course and scope of their employment,[2] were liable for negligence, negligence *per se*, conspiracy, and gross negligence in the following particulars, to wit:

a.    In Defendants' failing to prevent injury and harm to [decedent];

b.    In Defendants' failing to take action to facilitate medical care being provided to [decedent], which may have led to his  death;

c.    In Defendants' negligently hiring *employees* who were not properly trained or supervised;

d.    In Defendants' failing to adequately supervise their agents,  servants,  and/or *employees* who dealt with conflicts at the club.

e.    In Defendants' failing to warn [decedent] of the dangerous conduct of its agents, servants, and *employees*; . . .

g.    In Defendants' agents, servants, and *employees* hitting and whipping [decedent;] . . .

h.    In Defendants' negligently training . . . *employees* on how to     properly deal with intoxicated patrons; and being negligent in the use of force against [decedent]; . . .

j.    In  Defendants'  negligently   training and/or supervising . . . *employees* as to the proper actions to take when a patron i[s]    injured.

k.    In   the   alternative,   Plaintiffs   contend that *Defendants falsely  imprisoned* [decedent] against his will causing [decedent]

---

²Defendants also contend that the Petition alleges that they are employees by the phrase "who were at all times acting in the course and scope of their employment."  P. App. 55.  But this language refers to the "respective agents, servants, and employees" of the defendants in the Underlying Suit, not the defendants themselves.

damages.

*Id.* at 55-56 (emphasis, footnote, and alterations added).  In other words, defendants are treated as separate from their employees.

Moreover, an interpretation conflating "Defendants" with "employees" would not account for the specific allegations about the identity of Price, Mustang, and T.O.M.  As the court explained in *Colony I*, there are no direct allegations that Price, Mustang, or T.O.M. are employees of Sinclair.  Mustang and T.O.M. are entities, and Price is alleged to be Sinclair's attorney, an owner of the club or acting as an owner on behalf of Sinclair, or the principal for whom Sinclair was an agent.

A more natural reading of the allegation that "Defendants falsely imprisoned [decedent]" is that the plaintiffs in the Underlying Suit were simply alleging broadly that all "Defendants" were liable for the false imprisonment, not that all defendants were employees, or even that all employees are defendants.  In addition to the reasons explained above, it is unreasonable to construe the Petition as alleging that all "Defendants" physically committed a tort on decedent because some of the "Defendants" are entities, not people.

Defendants maintain that the Petition's allegations are at least ambiguous about whether they are employees, and that the court must therefore construe the Petition in favor of coverage.  It is true that, when applying the eight-corners rule, Texas law requires that allegations in the petition be "'liberally construed in favor of coverage,'" and all doubts be resolved in favor of the duty to defend. *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *GuideOne Elite Ins. Co. v. Fielder Rd.*

*Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006)).  But even in construing the Petition liberally—e.g., as alleging both that "employees" falsely imprisoned the decedent and that "Defendants" did so—the court concludes, for the reasons explained above, that the Petition does not allege that "Defendants" are Sinclair's employees.

Because, under the eight-corners rule, the Petition does not allege a basis to conclude that defendants are additional insureds under the Policy, Colony is entitled to summary judgment declaring that it owes no duty to defend Price, Mustang, and T.O.M.

*       *       *

For the reasons explained, the court adheres to its conclusion in *Colony I* that Colony is entitled to summary judgment declaring that it has no duty to defend defendants under the Policy.

**SO ORDERED.**

April 29, 2013.


_____
SIDNEY A. FITZWATER
CHIEF JUDGE